UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------⟩

NEREIDA MORALES,

                            Plaintiff,

-against-

THE NEW YORK AND PRESBYTERIAN
HOSPITAL, THE TRUSTEES OF
COLUMBIA UNIVERSITY IN THE CITY
OF NEW YORK,
JUAN CARLOS GARCIA, individually,
CHIEDOZIE ANYANWU, individually,
CHASTITY CRUZ, individually,
THOMAS GUGLIEMI, individually,
LUCKENCIA ORPHEE, individually,
CHRISTOPHER WALKER, individually,
FARLEY OBUSAN, individually,
ROBERTO HUNTE JR, individually,
AUDREA BLANCHARD, individually,
JAMELA DANIELS, individually,
TARIK COLLINS, individually,
MICHAEL DESZCZ, individually,
JENSI MERCEDES, individually,
MAYFLOR SANTOS, individually,
LESTER WELCH, individually, and
MIRIAM NOLASCO, individually,

                            Defendants.

**Case No.:  No. 18-cv-9711 (GBD)**

------------------------------------------------------------------⟩

## DEFENDANT THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

        Defendant, The Trustees of Columbia University in the City of New York ("Columbia"), by and through its attorneys, Jackson Lewis P.C., for its Answer to Plaintiff's Second Amended Complaint (the "Complaint") states as follows:

## AS TO "NATURE OF THE CASE"

1.　　Columbia admits that Plaintiff purports to assert claims under the statutes listed in the non-enumerated first paragraph of the Complaint and denies there is any basis for such claims, denies that he has engaged in any wrongdoing, and denies that Plaintiff has suffered any injury as a result of his conduct.

## AS TO "JURISDICTION AND VENUE"

2.　　The allegations in Paragraph "1" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Columbia denies the allegations set forth therein.

3.　　The allegations in Paragraph "2" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Columbia denies the allegations set forth therein.

4.　　Columbia denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "3" of the Complaint.

5.　　Columbia denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "4" of the Complaint.

6.　　The allegations in Paragraph "5" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Columbia denies the allegations set forth therein.

7.　　The allegations in Paragraph "6" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Columbia denies that the events alleged occurred.

## AS TO "PARTIES"

8.      Columbia denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "7" of the Complaint.

9.      Columbia denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "8" of the Complaint.

10.     Columbia denies the allegations set forth in Paragraph "9" of the Complaint, except admits that The Trustees of Columbia University in the City of New York is an educational corporation, incorporated under the laws of, and operating in, the State of New York.

11.     Columbia denies the allegations set forth in Paragraph "10" of the Complaint.

12.     Columbia denies the allegations set forth in Paragraph "11" of the Complaint.

13.     Columbia denies the allegations set forth in Paragraph "12" of the Complaint.

14.     Columbia denies the allegations set forth in Paragraph "13" of the Complaint.

15.     Columbia denies the allegations set forth in Paragraph "14" of the Complaint.

16.     Columbia denies the allegations set forth in Paragraph "15" of the Complaint.

17.     Columbia denies the allegations set forth in Paragraph "16" of the Complaint.

18.     Columbia denies the allegations set forth in Paragraph "17" of the Complaint.

19.     Columbia denies the allegations set forth in Paragraph "18" of the Complaint.

20.     Columbia denies the allegations set forth in Paragraph "19" of the Complaint.

21.     Columbia denies the allegations set forth in Paragraph "20" of the Complaint.

22.     Columbia denies the allegations set forth in Paragraph "21" of the Complaint.

23.     Columbia denies the allegations set forth in Paragraph "22" of the Complaint.

24.     Columbia denies the allegations set forth in Paragraph "23" of the Complaint.

25.     Columbia denies the allegations set forth in Paragraph "24" of the Complaint.

26.     Columbia denies the allegations set forth in Paragraph "25" of the Complaint.

27.     Columbia denies the allegations set forth in Paragraph "26" of the Complaint.

## AS TO "MATERIAL FACTS"

28.     Columbia denies the allegations set forth in Paragraph "27" of the Complaint.

29.     Columbia denies the allegations set forth in Paragraph "28" of the Complaint.

30.     Columbia denies the allegations set forth in Paragraph "29" of the Complaint.

31.     Columbia denies the allegations set forth in Paragraph "30" of the Complaint.

32.     Columbia denies the allegations set forth in Paragraph "31" of the Complaint.

33.     Columbia denies the allegations set forth in Paragraph "32" of the Complaint.

34.     Columbia denies the allegations set forth in Paragraph "33" of the Complaint.

35.     Columbia denies the allegations set forth in Paragraph "34" of the Complaint.

36.     Columbia denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "35" of the Complaint.

37.     Columbia denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "36" of the Complaint.

38.     Columbia denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "37" of the Complaint.

39.     Columbia denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "38" of the Complaint.

40.     Columbia denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "39" of the Complaint.

41.     Columbia denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "40" of the Complaint.

42.     Columbia denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "41" of the Complaint.

43.     Columbia denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "42" of the Complaint.

44.     Columbia denies the allegations set forth in Paragraph "43" of the Complaint.

45.     Columbia denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "44" of the Complaint, except denies that that Carlos Noyola was employed by Columbia.

46.     Columbia denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "45" of the Complaint.

47.     Columbia denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "46" of the Complaint.

48.     Columbia denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "47" of the Complaint.

49.     Columbia denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "48" of the Complaint.

50.     Columbia denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "49" of the Complaint.

51.     Columbia denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "50" of the Complaint.

52.     Columbia denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "51" of the Complaint.

53.     Columbia denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "52" of the Complaint.

54.     Columbia denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "53" of the Complaint.

55.     Columbia denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "54" of the Complaint.

56.     Columbia denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "55" of the Complaint.

57.     Columbia denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "56" of the Complaint.

58.     Columbia denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "57" of the Complaint.

59.     Columbia denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "58" of the Complaint.

60.     Columbia denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "59" of the Complaint.

61.     Columbia denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "60" of the Complaint.

62.     Columbia denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "61" of the Complaint.

63.     Columbia denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "62" of the Complaint.

64.     Columbia denies the allegations set forth in Paragraph "63" of the Complaint.

65.     Columbia denies the allegations set forth in Paragraph "64" of the Complaint.

66.     Columbia denies the allegations set forth in Paragraph "65" of the Complaint.

67.     Columbia denies the allegations set forth in Paragraph "66" of the Complaint.

68.     Columbia denies the allegations set forth in Paragraph "67" of the Complaint.

69.     Columbia denies the allegations set forth in Paragraph "68" of the Complaint.

70.     Columbia denies the allegations set forth in Paragraph "69" of the Complaint.

71.     The allegations in Paragraph "70" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Columbia denies the allegations set forth therein.

72.     Columbia admits that Plaintiff purports to demand reinstatement to her position and denies knowledge or information sufficient to form a belief as to whether there is any basis for such demand and avers that Plaintiff was not employed by Columbia.

73.     Columbia denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "72" of the Complaint, except denies that Plaintiff is or ever was engaged by Columbia as an Independent Contractor.  To the extent Plaintiff seeks to state a legal conclusion, Columbia denies any obligation to respond pursuant to the Federal Rules.

74.     Columbia admits that Plaintiff purports to claim aggravation, activation, and/or exacerbation of any preexisting condition in Paragraph 73 of the Complaint, and denies any basis for such claims.

## AS TO "FIRST CAUSE OF ACTION FOR DISCRIMINATION UNDER TITLE VII
### (Not Against Any Individual Defendants)"

75.     Columbia repeats his responses set forth in Paragraphs "1" through "73" of this Answer by reference as if fully set forth in response herein to the allegations set forth in Paragraph "74" of the Complaint.

76.     The allegations in Paragraph "75" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

77.     The allegations in Paragraph "76" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Columbia denies the allegations set forth therein.

## AS TO "AS A SECOND CAUSE OF ACTION FOR RETALIATION UNDER TITLE VII
### (Not Against Any Individual Defendants)"

78.     Columbia repeats his responses set forth in Paragraphs "1" through "76" of this Answer by reference as if fully set forth in response herein to the allegations set forth in Paragraph "77" of the Complaint.

79.     The allegations in Paragraph "78" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

80.     The allegations in Paragraph "79" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Columbia denies the allegations set forth therein.

## AS TO "AS A THIRD CAUSE OF ACTION FOR VIOLATIONS OF THE FAMILY
### AND MEDICAL LEAVE ACT – 20 U.S.C. § 2601, ET SEQ
### (Not Against Any Individual Defendants)"

81.     Columbia repeats his responses set forth in Paragraphs "1" through "79" of this Answer by reference as if fully set forth in response herein to the allegations set forth in Paragraph "80" of the Complaint.

82.     The allegations in Paragraph "81" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

83.     The allegations in Paragraph "82" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Columbia denies the allegations set forth therein.

**AS TO "AS A FOURTH CAUSE OF ACTION FOR RETALIATION
AND INTERFERENCE UNDER THE FAMILY AND MEDICAL
LEAVE ACT – 20 U.S.C. § 2601, ET SEQ.
(Not Against Any Individual Defendants)"**

84.     Columbia repeats his responses set forth in Paragraphs "1" through "82" of this Answer by reference as if fully set forth in response herein to the allegations set forth in Paragraph "83" of the Complaint.

85.     The allegations in Paragraph "84" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

86.     The allegations in Paragraph "85" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Columbia denies the allegations set forth therein.

**AS TO "AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION
UNDER NEW YORK STATE LAW (Against all Defendants)"**

87.     Columbia repeats his responses set forth in Paragraphs "1" through "85" of this Answer by reference as if fully set forth in response herein to the allegations set forth in Paragraph "86" of the Complaint.

88.     The allegations in Paragraph "87" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

89.     The allegations in Paragraph "88" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Columbia denies the allegations set forth therein.

90.     Columbia admits that Plaintiff purports to assert a claim under New York State Executive Law § 296 and denies that there is any basis for such claim.

### AS TO "AS A SIXTH CAUSE OF ACTION FOR DISCRIMINATION UNDER NEW YORK STATE LAW (Against all Defendants)"

91.     Columbia repeats his responses set forth in Paragraphs "1" through "89" of this Answer by reference as if fully set forth in response herein to the allegations set forth in Paragraph "90" of the Complaint.

92.     The allegations in Paragraph "91" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

93.     The allegations in Paragraph "92" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Columbia denies the allegations set forth therein.

### AS TO "AS A SEVENTH CAUSE OF ACTION FOR RETALIATION UNDER NEW YORK STATE LAW (Against all Defendants)"

94.     Columbia repeats his responses set forth in Paragraphs "1" through "92" of this Answer by reference as if fully set forth in response herein to the allegations set forth in Paragraph "93" of the Complaint.

95.     The allegations in Paragraph "94" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

96.     The allegations in Paragraph "95" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Columbia denies the allegations set forth therein.

### AS TO "AS AN EIGHTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE (Against all Defendants)"

97.     Columbia repeats his responses set forth in Paragraphs "1" through "95" of this Answer by reference as if fully set forth in response herein to the allegations set forth in Paragraph "96" of the Complaint.

98.     The allegations in Paragraph "97" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

99.     The allegations in Paragraph "98" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Columbia denies the allegations set forth therein.

100.     Columbia admits that Plaintiff purports to assert a claim under Title 8 of the New York City Administrative Code in Paragraph "99" of the Complaint and denies that there is any basis for such claim.

**AS TO "AS A NINTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE (Against all Defendants)"**

101.     Columbia repeats his responses set forth in Paragraphs "1" through "100" of this Answer by reference as if fully set forth in response herein to the allegations set forth in Paragraph "101" of the Complaint.

102.     The allegations in Paragraph "101" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

103.     The allegations in Paragraph "102" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Columbia denies the allegations set forth therein.

**AS TO "AS A TENTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE (Against all Defendants)"**

104.     Columbia repeats his responses set forth in Paragraphs "1" through "102" of this Answer by reference as if fully set forth in response herein to the allegations set forth in Paragraph "103" of the Complaint.

105.   The allegations in Paragraph "104" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

106.   The allegations in Paragraph "105" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Columbia denies the allegations set forth therein.

## AS TO "AS AN ELEVENTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE (Against all Defendants)"

107.   Columbia repeats his responses set forth in Paragraphs "1" through "105" of this Answer by reference as if fully set forth in response herein to the allegations set forth in Paragraph "106" of the Complaint.

108.   The allegations in Paragraph "107" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

109.   The allegations in Paragraph "108" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Columbia denies the allegations set forth therein.

## AS TO "AS A TWELFTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE (Against all Defendants)"

110.   Columbia repeats his responses set forth in Paragraphs "1" through "108" of this Answer by reference as if fully set forth in response herein to the allegations set forth in Paragraph "109" of the Complaint.

111.   The allegations in Paragraph "110" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

112.     The allegations in Paragraph "111" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Columbia denies the allegations set forth therein.

### AS TO "AS A THIRTEENTH CAUSE OF ACTION FOR ASSAULT AND BATTERY AGAINST DEFENDANTS ANYANWU AND JUAN CARLOS GARCIA INDIVIDUALLY"

113.     Columbia repeats his responses set forth in Paragraphs "1" through "111" of this Answer by reference as if fully set forth in response herein to the allegations set forth in Paragraph "112" of the Complaint.

114.     Columbia denies the allegations set forth in Paragraph "113" of the Complaint.

### AS TO "AS A FOURTEENTH CAUSE OF ACTION BY VICTIM OF CONDUCT CONSTITUTING CERTAIN SEXUAL OFFENSES AGGRAVATED SEXUAL ABUSE IN THE FIRST DEGREE AGAINST DEFENDANTS ANYANWU AND JUAN CARLOS GARCIA INDIVIDUALLY"

115.     Columbia repeats his responses set forth in Paragraphs "1" through "113" of this Answer by reference as if fully set forth in response herein to the allegations set forth in Paragraph "114" of the Complaint.

116.     The allegations in Paragraph "115" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

117.     The allegations in Paragraph "116" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

118.     The allegations in Paragraph "117" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

119.     The allegations in Paragraph "118" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

120.     Columbia denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "119".

121.     The allegations in Paragraph "120" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Columbia denies the allegations set forth therein.

122.     The allegations in Paragraph "121" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Columbia denies the allegations set forth therein.

123.     The allegations in Paragraph "122" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

124.     The allegations in Paragraph "123" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Columbia denies the allegations set forth therein.

125.     The allegations in Paragraph "124" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Columbia denies the allegations set forth therein.

## AS TO "AS A FIFTEENTH CAUSE OF ACTION GENDER MOTIVATED VIOLENCE PROTECTION ACT AGAINST DEFENDANTS ANYANWU AND JUAN CARLOS GARCIA, INDIVIDUALLY"

126.     Columbia repeats his responses set forth in Paragraphs "1" through "124" of this Answer by reference as if fully set forth in response herein to the allegations set forth in Paragraph "125" of the Complaint.

127.     The allegations in Paragraph "126" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

128.    The allegations in Paragraph "127" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

129.    The allegations in Paragraph "128" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

130.    The allegations in Paragraph "129" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Columbia denies the allegations set forth therein.

131.    Columbia denies the allegations set forth in Paragraph "130" of the Complaint.

132.    Columbia denies all allegations in the Complaint unless expressly admitted.

## AS TO THE "WHEREFORE" CLAUSE

133.    To the extent not otherwise denied, Columbia denies Plaintiff is entitled to any relief or remedy specified in the "Wherefore" clause set forth in the Complaint.

## COLUMBIA'S AFFIRMATIVE AND OTHER DEFENSES

Columbia states the following affirmative defenses without assuming the burden of proof on such defenses that would otherwise rest with Plaintiff.  Columbia also reserves the right to assert such additional defenses that may become applicable during the course of this litigation.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

134.    The Complaint fails, in whole or in part, to state a claim upon which relief can be granted or for which damages can be awarded under the applicable statutes.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

135.    Plaintiff's claims for damages are barred, in whole or in part, because Plaintiff has failed to make sufficient efforts to mitigate her alleged damages.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

136.    Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

137.    Plaintiff has failed to exhaust her administrative remedies and/or to satisfy certain jurisdictional or statutory prerequisites or conditions precedent for filing some or all of her claims herein.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

138.    Plaintiff's claims are barred, in whole or in part, by equitable principles, including but not limited to, waiver, estoppel, laches, the after-acquired evidence doctrine, the unclean hands doctrine, and/or the election of remedies doctrine.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

139.    Plaintiff's claims against Columbia should be dismissed because Plaintiff cannot establish that Columbia condoned, acquiesced, aided, abetted or in any manner encouraged any alleged unlawful conduct toward Plaintiff.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

140.    At all times relevant to Plaintiff's Complaint, Columbia acted reasonably, and/or in good faith and has not violated any rights which may be secured to Plaintiff under any federal, state, or local law, regulations, rule, or code.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

141.    Plaintiff's claims and/or recovery of damages are precluded to the extent Plaintiff unreasonably failed to take advantage of preventive or corrective opportunities or to otherwise avoid the harm alleged in the Complaint.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

142.   Plaintiff's claims for punitive damages, if any, are barred due to Columbia's good faith efforts to comply with applicable laws and/or because Columbia did not engage in any conduct with the required level of culpability to justify an award of punitive damages.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

143.   Plaintiff did not suffer any damages attributable to any actions of Columbia.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

144.   Plaintiff's claims for retaliation are barred, in whole or in part, because Columbia did not subject Plaintiff to any conduct that was reasonably likely to deter a person from engaging in a protected activity.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

145.   Plaintiff's claims are barred, in whole or in part, because Columbia was not Plaintiff's "employer" under applicable federal, state and/or local law.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

146.   Plaintiff's claims for emotional distress and physical injury are barred by the exclusive remedy provisions of New York Workers' Compensation Law.

**WHEREFORE**, having fully answered and responded to the averments of Plaintiff's Complaint, Columbia respectfully requests that:

(a)   Plaintiff's claims be dismissed with prejudice and in their entirety;

(b)   Each and every prayer for relief set forth in the Complaint be denied;

(c)   Judgment be entered in favor of Columbia;

(d)   All costs, including reasonable attorneys' fees, be awarded to Columbia and against Plaintiff pursuant to applicable laws; and

(e)       Columbia be granted such other relief as this Court may deem just and

proper.

Respectfully Submitted:

JACKSON LEWIS P.C.
44 South Broadway, 14th Floor
White Plains, New York 10601
(914) 872-8060
(914) 946-1216 Facsimile

By:    */s/ Susan D. Friedfel*
Susan D. Friedfel
Arin M. Liebman
*Attorneys for Defendant*
*The Trustees of Columbia University In The*
*City of New York*

Dated:  February 20, 2019
White Plains, New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------⟩

NEREIDA MORALES,

                    Plaintiff,

-against-

THE NEW YORK AND PRESBYTERIAN
HOSPITAL, THE TRUSTEES OF
COLUMBIA UNIVERSITY IN THE CITY
OF NEW YORK,
JUAN CARLOS GARCIA, individually,
CHIEDOZIE ANYANWU, individually,
CHASTITY CRUZ, individually,
THOMAS GUGLIEMI, individually,          Case No.:  No. 18-cv-9711 (GBD)
LUCKENCIA ORPHEE, individually,
CHRISTOPHER WALKER, individually,
FARLEY OBUSAN, individually,
ROBERTO HUNTE JR, individually,
AUDREA BLANCHARD, individually,
JAMELA DANIELS, individually,
TARIK COLLINS, individually,
MICHAEL DESZCZ, individually,
JENSI MERCEDES, individually,
MAYFLOR SANTOS, individually,
LESTER WELCH, individually, and
MIRIAM NOLASCO, individually,

                    Defendants.

---------------------------------------------------------------⟩

## CERTIFICATE OF SERVICE

        This is to certify that a true and correct copy of Defendant The Trustees of

Columbia University in the City of New York's Answer to the Second Amended Complaint has

been electronically filed and served via First Class mail at the addresses set forth below on the

20th day of February, 2019 on counsel for the Party who entered their notice of appearance in this

matter:

Abraham Z. Melamed, Esq.
Derek Smith Law Group, PLLC
1 Penn Plaza, Suite 4905
New York, New York 10119
*Attorneys for Plaintiff*


Lauri Rasnick, Esq.
Epstein Becker & Green, P.C.
250 Park Avenue
New York, New York 10177
*Attorneys for Defendants Santos, Blanchard, Collins,*
*Deszcz, Flores, Gugliemi, Hunte, Nolasco, Obusan, Orphee,*
*The New York-Presbyterian Hospital, and Welsh*



_____/s/ Arin M. Liebman_____
Arin M. Liebman


4821-0207-7319, v. 2