UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------⟩

NEREIDA MORALES,

                       Plaintiff,

-against-

THE NEW YORK AND PRESBYTERIAN
HOSPITAL, THE TRUSTEES OF
COLUMBIA UNIVERSITY IN THE CITY
OF NEW YORK,
JUAN CARLOS GARCIA, individually,
CHIEDOZIE ANYANWU, individually,
CHASTITY CRUZ, individually,
THOMAS GUGLIEMI, individually,
LUCKENCIA ORPHEE, individually,
CHRISTOPHER WALKER, individually,
FARLEY OBUSAN, individually,
ROBERTO HUNTE JR, individually,
AUDREA BLANCHARD, individually,
JAMELA DANIELS, individually,
TARIK COLLINS, individually,
MICHAEL DESZCZ, individually,
JENSI MERCEDES, individually,
MAYFLOR SANTOS, individually,
LESTER WELCH, individually, and
MIRIAM NOLASCO, individually,

                       Defendants.

Case No.:  No. 18-cv-9711 (GBD)

------------------------------------------------------------⟩

## DEFENDANT CHIEDOZIE ANYANWU'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

      Defendant Chiedozie Anyanwu ("Mr. Anyanwu") by and through his attorneys,

Jackson Lewis P.C., for his Answer to Plaintiff's Second Amended Complaint (the "Complaint")

states as follows:

## AS TO "NATURE OF THE CASE"

1.      Mr. Anyanwu admits that Plaintiff purports to assert claims under the statutes listed in the non-enumerated first paragraph of the Complaint and denies there is any basis for such claims, denies that he has engaged in any wrongdoing, and denies that Plaintiff has suffered any injury as a result of his conduct.

## AS TO "JURISDICTION AND VENUE"

2.      The allegations in Paragraph "1" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Mr. Anyanwu denies the allegations set forth therein.

3.      The allegations in Paragraph "2" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Mr. Anyanwu denies the allegations set forth therein.

4.      Mr. Anyanwu denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "3" of the Complaint.

5.      Mr. Anyanwu denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "4" of the Complaint.

6.      The allegations in Paragraph "5" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Mr. Anyanwu denies the allegations set forth therein.

7.      The allegations in Paragraph "6" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Mr. Anyanwu denies that the events alleged occurred.

## AS TO "PARTIES"

8.     Mr. Anyanwu denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "7" of the Complaint.

9.     Mr. Anyanwu denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "8" of the Complaint.

10.     Mr. Anyanwu denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "9" of the Complaint.

11.     Mr. Anyanwu denies the allegations set forth in Paragraph "10" of the Complaint.

12.     Mr. Anyanwu denies the allegations set forth in Paragraph "11" of the Complaint.

13.     Mr. Anyanwu denies the allegations set forth in Paragraph "12" of the Complaint.

14.     Mr. Anyanwu denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "13" of the Complaint.

15.     Mr. Anyanwu denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "14" of the Complaint, except admits, upon information and belief, that Thomas Gugliemi was a Registered Nurse in the Emergency Department at New York-Presbyterian Hospital.

16.     Mr. Anyanwu denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "15" of the Complaint, except admits, upon information and belief, that Luckencia Orphee was a Registered Nurse in the Emergency Department at New York-Presbyterian Hospital.

17.     Mr. Anyanwu denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "16" of the Complaint, except admits, upon information and belief, that Christopher Walker was a Registered Nurse in the Emergency Department at New York-Presbyterian Hospital.

18.     Mr. Anyanwu denies knowledge or information sufficient to form a belief the as to the truth of the allegations set forth in Paragraph "17" of the Complaint, except admits, upon information and belief, that Farley Obusan was a Nursing Manager in the Emergency Department at New York-Presbyterian Hospital.

19.     Mr. Anyanwu denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "18" of the Complaint.

20.     Mr. Anyanwu denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "19" of the Complaint.

21.     Mr. Anyanwu denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "20" of the Complaint.

22.     Mr. Anyanwu denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "21" of the Complaint, except admits, upon information and belief, that Tarik Collins worked at New York-Presbyterian Hospital.

23.     Mr. Anyanwu denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "22" of the Complaint.

24.     Mr. Anyanwu denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "23" of the Complaint, except admits, upon information and belief, that Jensi Mercedes was a Patient Finance Advisor in the Emergency Room Department of New York-Presbyterian Hospital.

25.     Mr. Anyanwu denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "24" of the Complaint.

26.     Mr. Anyanwu denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "25" of the Complaint, except admits, upon information and belief, that Lester Welsh held the position of Patient Finance Advisor or Unit Secretary at New York-Presbyterian Hospital.

27.     Mr. Anyanwu denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "26" of the Complaint, except admits, upon information and belief, that Miriam Nolasco held the position of Patient Finance Advisor or Unit Secretary at New York-Presbyterian Hospital.

## AS TO "MATERIAL FACTS"

28.     Mr. Anyanwu denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "27" of the Complaint.

29.     Mr. Anyanwu denies the allegations set forth in Paragraph "28" of the Complaint.

30.     Mr. Anyanwu denies the allegations set forth in Paragraph "29" of the Complaint.

31.     Mr. Anyanwu denies the allegations set forth in Paragraph "30" of the Complaint.

32.     Mr. Anyanwu denies the allegations set forth in Paragraph "31" of the Complaint.

33.     Mr. Anyanwu denies the allegations set forth in Paragraph "32" of the Complaint.

34.     Mr. Anyanwu denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "33" of the Complaint.

35.     Mr. Anyanwu denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "34" of the Complaint.

36.     Mr. Anyanwu denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "35" of the Complaint.

37.     Mr. Anyanwu denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "36" of the Complaint.

38.     Mr. Anyanwu denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "37" of the Complaint.

39.     Mr. Anyanwu denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "38" of the Complaint.

40.     Mr. Anyanwu denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "39" of the Complaint.

41.     Mr. Anyanwu denies the allegations set forth in Paragraph "40" of the Complaint, except denies knowledge or information sufficient to form a belief as to what Orphee said or asked.

42.     Mr. Anyanwu denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "41" of the Complaint.

43.     Mr. Anyanwu denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "42" of the Complaint.

44.     Mr. Anyanwu denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "43" of the Complaint.

45.     Mr. Anyanwu denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "44" of the Complaint.

46.     Mr. Anyanwu denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "45" of the Complaint.

47.     Mr. Anyanwu denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "46" of the Complaint.

48.     Mr. Anyanwu denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "47" of the Complaint.

49.     Mr. Anyanwu denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "48" of the Complaint.

50.     Mr. Anyanwu denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "49" of the Complaint.

51.     Mr. Anyanwu denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "50" of the Complaint.

52.     Mr. Anyanwu denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "51" of the Complaint.

53.     Mr. Anyanwu denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "52" of the Complaint.

54.     Mr. Anyanwu denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "53" of the Complaint.

55.     Mr. Anyanwu denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "54" of the Complaint.

56. Mr. Anyanwu denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "55" of the Complaint.

57. Mr. Anyanwu denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "56" of the Complaint.

58. Mr. Anyanwu denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "57" of the Complaint.

59. Mr. Anyanwu denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "58" of the Complaint.

60. Mr. Anyanwu denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "59" of the Complaint.

61. Mr. Anyanwu denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "60" of the Complaint.

62. Mr. Anyanwu denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "61" of the Complaint.

63. Mr. Anyanwu denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "62" of the Complaint.

64. Mr. Anyanwu denies the allegations set forth in Paragraph "63" of the Complaint.

65. Mr. Anyanwu denies the allegations set forth in Paragraph "64" of the Complaint.

66. Mr. Anyanwu denies the allegations set forth in Paragraph "65" of the Complaint.

67.     Mr. Anyanwu denies the allegations set forth in Paragraph "66" of the Complaint.

68.     Mr. Anyanwu denies the allegations set forth in Paragraph "67" of the Complaint.

69.     Mr. Anyanwu denies the allegations set forth in Paragraph "68" of the Complaint.

70.     Mr. Anyanwu denies the allegations set forth in Paragraph "69" of the Complaint.

71.     The allegations in Paragraph "70" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Mr. Anyanwu denies the allegations set forth therein.

72.     Mr. Anyanwu admits that Plaintiff purports to demand reinstatement to her position and denies knowledge or information sufficient to form a belief as to whether there is any basis for such demand.

73.     Mr. Anyanwu denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "72" of the Complaint.  To the extent Plaintiff seeks to state a legal conclusion, Mr. Anyanwu denies any obligation to respond pursuant to the Federal Rules.

74.     Mr. Anyanwu admits that Plaintiff purports to claim aggravation, activation, and/or exacerbation of any preexisting condition, and denies any basis for such claims.

## AS TO "FIRST CAUSE OF ACTION FOR DISCRIMINATION UNDER TITLE VII (Not Against Any Individual Defendants)"

75.     Mr. Anyanwu repeats his responses set forth in Paragraphs "1" through "73" of this Answer by reference as if fully set forth in response herein to the allegations set forth in Paragraph "74" of the Complaint.

76.     The allegations in Paragraph "75" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

77.     The allegations in Paragraph "76" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Mr. Anyanwu denies knowledge or information sufficient to form a belief as to the truth of the allegations.

## AS TO "AS A SECOND CAUSE OF ACTION FOR RETALIATION UNDER TITLE VII (Not Against Any Individual Defendants)"

78.     Mr. Anyanwu repeats his responses set forth in Paragraphs "1" through "76" of this Answer by reference as if fully set forth in response herein to the allegations set forth in Paragraph "77" of the Complaint.

79.     The allegations in Paragraph "78" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

80.     The allegations in Paragraph "79" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Mr. Anyanwu denies knowledge or information sufficient to form a belief as to the truth of the allegations.

**AS TO "AS A THIRD CAUSE OF ACTION FOR VIOLATIONS OF THE FAMILY AND MEDICAL LEAVE ACT – 20 U.S.C. § 2601, ET SEQ (NOT AGAINST ANY INDIVIDUAL DEFENDANTS)"**

81.     Mr. Anyanwu repeats his responses set forth in Paragraphs "1" through "79" of this Answer by reference as if fully set forth in response herein to the allegations set forth in Paragraph "80" of the Complaint.

82.     The allegations in Paragraph "81" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

83.     The allegations in Paragraph "82" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Mr. Anyanwu denies knowledge or information sufficient to form a belief as to the truth of the allegations.

**AS TO "AS A FOURTH CAUSE OF ACTION FOR RETALIATION AND INTERFERENCE UNDER THE FAMILY AND MEDICAL LEAVE ACT – 20 U.S.C. § 2601, ET SEQ. (NOT AGAINST ANY INDIVIDUAL DEFENDANTS)"**

84.     Mr. Anyanwu repeats his responses set forth in Paragraphs "1" through "82" of this Answer by reference as if fully set forth in response herein to the allegations set forth in Paragraph "83" of the Complaint.

85.     The allegations in Paragraph "84" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

86.     The allegations in Paragraph "85" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Mr. Anyanwu denies knowledge or information sufficient to form a belief as to the truth of the allegations.

## AS TO "AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION UNDER NEW YORK STATE LAW (Against all Defendants)"

87.     Mr. Anyanwu repeats his responses set forth in Paragraphs "1" through "85" of this Answer by reference as if fully set forth in response herein to the allegations set forth in Paragraph "86" of the Complaint.

88.     The allegations in Paragraph "87" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

89.     The allegations in Paragraph "88" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Mr. Anyanwu denies the allegations set forth therein.

90.     Mr. Anyanwu admits that Plaintiff purports to assert a claim under New York State Executive Law § 296 and denies there is any basis for such claim.

## AS TO "AS A SIXTH CAUSE OF ACTION FOR DISCRIMINATION UNDER NEW YORK STATE LAW (Against all Defendants)"

91.     Mr. Anyanwu repeats his responses set forth in Paragraphs "1" through "89" of this Answer by reference as if fully set forth in response herein to the allegations set forth in Paragraph "90" of the Complaint.

92.     The allegations in Paragraph "91" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

93.     The allegations in Paragraph "92" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Mr. Anyanwu denies the allegations set forth therein.

**AS TO "AS A SEVENTH CAUSE OF ACTION FOR RETALIATION UNDER NEW YORK STATE LAW (Against all Defendants)"**

94.     Mr. Anyanwu repeats his responses set forth in Paragraphs "1" through "93" of this Answer by reference as if fully set forth in response herein to the allegations set forth in Paragraph "94" of the Complaint.

95.     The allegations in Paragraph "94" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

96.     The allegations in Paragraph "95" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Mr. Anyanwu denies the allegations set forth therein.

**AS TO "AS AN EIGHTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE (Against all Defendants)"**

97.     Mr. Anyanwu repeats his responses set forth in Paragraphs "1" through "95" of this Answer by reference as if fully set forth in response herein to the allegations set forth in Paragraph "96" of the Complaint.

98.     The allegations in Paragraph "97" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

99.     The allegations in Paragraph "98" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Mr. Anyanwu denies the allegations set forth therein.

100.     Mr. Anyanwu admits that Plaintiff purports to assert a claim under Title 8 of the New York City Administrative Code and denies there is any basis for such claim.

**AS TO "AS A NINTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE
NEW YORK CITY ADMINISTRATIVE CODE (Against all Defendants)"**

101.    Mr. Anyanwu repeats his responses set forth in Paragraphs "1" through "99"
of this Answer by reference as if fully set forth in response herein to the allegations set forth in
Paragraph "100" of the Complaint.

102.    The allegations in Paragraph "101" of the Complaint constitute conclusions
of law to which no response is required under the Federal Rules of Civil Procedure.

103.    The allegations in Paragraph "102" of the Complaint constitute conclusions
of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent
that a response is necessary, Mr. Anyanwu denies the allegations set forth therein.

**AS TO "AS A TENTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE
NEW YORK CITY ADMINISTRATIVE CODE (Against all Defendants)"**

104.    Mr. Anyanwu repeats his responses set forth in Paragraphs "1" through
"102" of this Answer by reference as if fully set forth in response herein to the allegations set forth
in Paragraph "103" of the Complaint.

105.    The allegations in Paragraph "104" of the Complaint constitute conclusions
of law to which no response is required under the Federal Rules of Civil Procedure.

106.    The allegations in Paragraph "105" of the Complaint constitute conclusions
of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent
that a response is necessary, Mr. Anyanwu denies the allegations set forth therein.

**AS TO "AS AN ELEVENTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE (Against all Defendants)"**

107.    Mr. Anyanwu repeats his responses set forth in Paragraphs "1" through "105" of this Answer by reference as if fully set forth in response herein to the allegations set forth in Paragraph "106" of the Complaint.

108.    The allegations in Paragraph "107" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

109.    The allegations in Paragraph "108" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Mr. Anyanwu denies the allegations set forth therein.

**AS TO "AS A TWELFTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE (Against all Defendants)"**

110.    Mr. Anyanwu repeats his responses set forth in Paragraphs "1" through "108" of this Answer by reference as if fully set forth in response herein to the allegations set forth in Paragraph "109" of the Complaint.

111.    The allegations in Paragraph "110" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

112.    The allegations in Paragraph "111" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Mr. Anyanwu denies the allegations set forth therein.

## AS TO "AS A THIRTEENTH CAUSE OF ACTION FOR ASSAULT AND BATTERY AGAINST DEFENDANTS ANYANWU AND JUAN CARLOS GARCIA INDIVIDUALLY"

113. Mr. Anyanwu repeats his responses set forth in Paragraphs "1" through "111" of this Answer by reference as if fully set forth in response herein to the allegations set forth in Paragraph "112" of the Complaint.

114. Mr. Anyanwu denies the allegations set forth in Paragraph "113" of the Complaint.

## AS TO "AS A FOURTEENTH CAUSE OF ACTION BY VICTIM OF CONDUCT CONSTITUTING CERTAIN SEXUAL OFFENSES AGGRAVATED SEXUAL ABUSE IN THE FIRST DEGREE AGAINST DEFENDANTS ANYANWU AND JUAN CARLOS GARCIA INDIVIDUALLY"

115. Mr. Anyanwu repeats his responses set forth in Paragraphs "1" through "114" of this Answer by reference as if fully set forth in response herein to the allegations set forth in Paragraph "114" of the Complaint.

116. The allegations in Paragraph "115" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

117. The allegations in Paragraph "116" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

118. The allegations in Paragraph "117" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

119. The allegations in Paragraph "118" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

120. Mr. Anyanwu denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "119".

121.     The allegations in Paragraph "120" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Mr. Anyanwu denies the allegations set forth therein.

122.     The allegations in Paragraph "121" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Mr. Anyanwu denies the allegations set forth therein.

123.     The allegations in Paragraph "122" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

124.     The allegations in Paragraph "123" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Mr. Anyanwu denies the allegations set forth therein.

125.     The allegations in Paragraph "124" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Mr. Anyanwu denies the allegations set forth therein.

**AS TO "AS A FIFTEENTH CAUSE OF ACTION GENDER MOTIVATED VIOLENCE PROTECTION ACT AGAINST DEFENDANTS ANYANWU AND JUAN CARLOS GARCIA, INDIVIDUALLY"**

126.     Mr. Anyanwu repeats his responses set forth in Paragraphs "1" through "124" of this Answer by reference as if fully set forth in response herein to the allegations set forth in Paragraph "125" of the Complaint.

127.     The allegations in Paragraph "126" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

128.     The allegations in Paragraph "127" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

129. The allegations in Paragraph "128" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

130. The allegations in Paragraph "129" of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Mr. Anyanwu denies the allegations set forth therein.

131. Mr. Anyanwu denies the allegations set forth in Paragraph "130" of the Complaint.

132. Mr. Anyanwu denies all allegations in the Complaint unless expressly admitted.

## AS TO THE "WHEREFORE" CLAUSE

133. To the extent not otherwise denied, Mr. Anyanwu denies Plaintiff is entitled to any relief or remedy specified in the "Wherefore" clause set forth in the Complaint.

## MR. ANYANWU'S AFFIRMATIVE AND OTHER DEFENSES

Mr. Anyanwu states the following affirmative defenses without assuming the burden of proof on such defenses that would otherwise rest with Plaintiff. Mr. Anyanwu also reserves the right to assert such additional defenses that may become applicable during the course of this litigation.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

134. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted or for which damages can be awarded under the applicable statutes.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

135. Plaintiff's claims for damages are barred, in whole or in part, because Plaintiff has failed to make sufficient efforts to mitigate her alleged damages.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

136. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

137. Plaintiff has failed to exhaust her administrative remedies and/or to satisfy certain jurisdictional or statutory prerequisites or conditions precedent for filing some or all of her claims herein.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

138. Plaintiff's claims are barred, in whole or in part, by equitable principles, including but not limited to, waiver, estoppel, laches, the after-acquired evidence doctrine, the unclean hands doctrine, and/or the election of remedies doctrine.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

139. Plaintiff's claims against Mr. Anyanwu should be dismissed because Plaintiff cannot establish that Mr. Anyanwu condoned, acquiesced, aided, abetted or in any manner encouraged any alleged unlawful conduct toward Plaintiff.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

140. At all times relevant to Plaintiff's Complaint, Mr. Anyanwu acted reasonably, and/or in good faith and has not violated any rights which may be secured to Plaintiff under any federal, state, or local law, regulations, rule, or code.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

141. Plaintiff's claims and/or recovery of damages are precluded to the extent Plaintiff unreasonably failed to take advantage of preventive or corrective opportunities or to otherwise avoid the harm alleged in the Complaint.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

142. Plaintiff's claims for punitive damages, if any, are barred due to Mr. Anyanwu's good faith efforts to comply with applicable laws and/or because Mr. Anyanwu did not engage in any conduct with the required level of culpability to justify an award of punitive damages.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

143. Plaintiff did not suffer any damages attributable to any actions of Mr. Anyanwu.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

144. Plaintiff's claims for retaliation are barred, in whole or in part, because Mr. Anyanwu did not subject Plaintiff to any conduct that was reasonably likely to deter a person from engaging in a protected activity.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

145. Plaintiff's claims are barred, in whole or in part, because Mr. Anyanwu is not an "employer" under applicable federal, state and/or local law.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

146. Plaintiff's claims for emotional distress and physical injury are barred by the exclusive remedy provisions of New York Workers' Compensation Law.

**WHEREFORE**, having fully answered and responded to the averments of Plaintiff's Complaint, Mr. Anyanwu respectfully requests that:

(a)     Plaintiff's claims be dismissed with prejudice and in their entirety;

(b)     Each and every prayer for relief set forth in the Complaint be denied;

(c)     Judgment be entered in favor of Mr. Anyanwu;

(d)     All costs, including reasonable attorneys' fees, be awarded to Mr. Anyanwu and against Plaintiff pursuant to applicable laws; and

(e)     Mr. Anyanwu be granted such other relief as this Court may deem just and proper.

Respectfully Submitted:

JACKSON LEWIS P.C.
44 South Broadway, 14th Floor
White Plains, New York 10601
(914) 872-8060
(914) 946-1216 Facsimile

By:     */s/ Susan D. Friedfel*
        Susan D. Friedfel
        Arin M. Liebman
        *Attorneys for Defendant*
        *Chiedozie Anyanwu*

Dated:  February 20, 2019
        White Plains, New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

NEREIDA MORALES,

                                        Plaintiff,

-against-

THE NEW YORK AND PRESBYTERIAN
HOSPITAL, THE TRUSTEES OF
COLUMBIA UNIVERSITY IN THE CITY
OF NEW YORK,
JUAN CARLOS GARCIA, individually,
CHIEDOZIE ANYANWU, individually,
CHASTITY CRUZ, individually,
THOMAS GUGLIEMI, individually,
LUCKENCIA ORPHEE, individually,
CHRISTOPHER WALKER, individually,
FARLEY OBUSAN, individually,
ROBERTO HUNTE JR, individually,
AUDREA BLANCHARD, individually,
JAMELA DANIELS, individually,
TARIK COLLINS, individually,
MICHAEL DESZCZ, individually,
JENSI MERCEDES, individually,
MAYFLOR SANTOS, individually,
LESTER WELCH, individually, and
MIRIAM NOLASCO, individually,

                                        Defendants.

-------------------------------------------------------------x

Case No.:  No. 18-cv-9711 (GBD)

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of Defendant Chiedozie Anyanwu's

Answer to the Second Amended Complaint has been electronically filed and served via First Class

mail at the addresses set forth below on the 20th day of February, 2019 on counsel for the Party

who entered their notice of appearance in this matter:

Abraham Z. Melamed, Esq.
Derek Smith Law Group, PLLC
1 Penn Plaza, Suite 4905
New York, New York 10119
*Attorneys for Plaintiff*

Lauri F. Rasnick, Esq.
Epstein Becker & Green, P.C.
250 Park Avenue
New York, New York 10177
*Attorneys for Defendants Santos, Blanchard, Collins, Deszcz, Flores, Gugliemi, Hunte, Nolasco,*
*Obusan, Orphee, The New York Presbyterian Hospital, and Welsh*

*/s/ Arin M. Liebman*
Arin M. Liebman