UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
NEREIDA MORALES,

                Plaintiff,

     -*against*-

THE NEW YORK AND PRESBYTERIAN HOSPITAL,
THE TRUSTEES OF COLUMBIA
UNIVERSITY IN THE CITY OF NEW YORK,
JUAN CARLOS GARCIA, individually,
CHIEDOZIE ANYANWU, individually,
CHASTITY CRUZ, individually,
THOMAS GUGLIELMI, individually,
LUCKENCIA ORPHEE, individually,
CHRISTOPHER WALKER, individually,
FARLEY OBUSAN, individually,
ROBERTO HUNTE JR, individually,
AUDREA BLANCHARD, individually,
JAMELA DANIELS, individually,
TARIK COLLINS, individually,
MICHAEL DESZCZ, individually,
JENSI MERCEDES, individually,
MAYFLOR SANTOS, individually,
LESTER WELSH, individually,
MIRIAM NOLASCO, individually,

                Defendants.
-------------------------------------------------------x

Civil Case No.: 18-cv-9711

**AFFIRMATION AND MEMORANDUM OF LAW**

    I, Abraham Z. Melamed, Esq., declare under the penalty of perjury, that the following is true and correct.

1. Pursuant to Southern District Local Civil Rule 1.4, the law firm of Derek Smith Law Group, PLLC, and attorney Abraham Z. Melamed, Esq., move this Court for an order granting permission to withdraw as counsel of record for Plaintiff, Nereida Morales, because Plaintiff has discharged the Derek Smith Law Group, PLLC, and attorney Abraham Z. Melamed, Esq. as her counsel.

2. Under Rule 1.16(b)(3) of the New York State Rules of Professional Conduct, a lawyer shall withdraw from representation where "the lawyer is discharged." *See* 22 NYCRR 1200.15(b)(4). *Allstate Ins. Co. v. Nandi*, 258 F. Supp. 2d 309, 311 (S.D.N.Y. 2003).

3. Furthermore, "when counsel has been discharged—and agreed to the termination—the order to withdraw should issue except under the most compelling circumstances." *Casper v. Lew Lieberbaum & Co.*, No. 97CIV.3016(JGK)(RLE), 1999 WL 335334, at *4 (S.D.N.Y. May 26, 1999), *adhered to on reconsideration*, 182 F. Supp. 2d 342 (S.D.N.Y. 2002).

4. Moreover, there will be no significant prejudice to any party if withdrawal is granted, as the case is currently in the Southern District mediation program, and the initial conference in the case is not scheduled until April 24, 2019.

5. In light of the fact that Plaintiff has discharged Derek Smith Law Group, PLLC, and attorney Abraham Z. Melamed, Esq. as her counsel, and the fact that that there is no prejudice to the Parties by the withdrawal, we respectfully request that this Court issue an Order granting Derek Smith Law Group, PLLC, and attorney Abraham Z. Melamed, Esq. permission to withdraw as counsel of record for Plaintiff, Nereida Morales.

6. If counsel is permitted to withdraw, we respectfully request that the Court allow Plaintiff 30 days to enter the appearance of successor counsel. *See HCC, Inc., v. RH & M Machine Co.*, 1998 U.S. Dist. LEXIS 10977 (S.D.N.Y. 1998) (Withdrawal granted and defendant granted 30 days to select successor counsel). We also respectfully request that Plaintiff be granted a 30 day extension from such time as successor counsel is selected, for Plaintiff to serve Defendant Christopher Walker. Once Plaintiff has selected such counsel, we will work with successor counsel to transfer all files to them and to assist them to become knowledgeable about the case.

7. Furthermore, pursuant to Judiciary Law § 475, we maintain a lien on the above case and said lien is a security interest in the favorable result of litigation (see *Butler, Fitzgerald & Potter v. Gelmin*, 235 A.D.2d 218, 651 N.Y.S.2d 525 [1997]), giving the attorney equitable ownership interest in the client's cause of action. Furthermore, a charging lien extends to settlement proceeds. *Costello v. Kiaer*, 278 A.D.2d 50, 51, 717 N.Y.S.2d 560 [2000]. Judiciary Law § 475 states as follows: "From the commencement of an action, special or other proceeding in any court or before any state, municipal or federal department, except a department of labor, or the service of an answer containing a counterclaim, or the initiation of any means of alternative dispute resolution including, but not limited to, mediation or arbitration, or the provision of services in a settlement negotiation at any stage of the dispute, the attorney who appears for a party has a lien upon his or her client's cause of action, claim or counterclaim, which attaches to a verdict, report, determination, decision, award, settlement, judgment or final order in his or her client's favor, and the proceeds thereof in whatever hands they may come; and the lien cannot be affected by any settlement between the parties before or after judgment, final order or determination. The court upon the petition of the client or attorney may determine and enforce the lien." Plaintiff asserts such a lien and is electing a percentage, as well as expenses we have expended on the case, which are part of our lien, and intends to petition this Court for resolution of that lien at the conclusion of this case.

WHEREFORE, the Derek Smith Law Group, PLLC and attorney Abraham Z. Melamed, Esq., respectfully request that the Court grant the within Motion to withdraw as the counsel for the Plaintiff in this matter, as well as such other and further relief as may be just and proper.

Dated: New York, N.Y.
      March 4, 2019

Respectfully submitted,
DEREK SMITH LAW GROUP, PLLC

<u>/s/ Abe Melamed</u>
Abraham Z. Melamed, Esq.