```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
NEREIDA MORALES,              :
                              :
                   Plaintiff, :
                              :                    MEMORANDUM DECISION
         -against-            :                        AND ORDER
                              :
CITY OF NEW YORK, NEW YORK PRESBYTERIAN :          18 Civ. 9711 (GBD) (KHP)
HOSPITAL, COLUMBIA UNIVERSITY MEDICAL   :
CENTER, and CHIEDOZIE ANYANWU,          :
                              :
                   Defendants. :
------------------------------------- x
```



GEORGE B. DANIELS, United States District Judge:

*Pro se* Plaintiff Nereida Morales brings this action against Defendants the City of New York, New York Presbyterian Hospital ("Hospital"), Columbia University Medical Center (the "University"), and Chiedozie Anyanwu, a physician's assistant at the Hospital, alleging that was she sexually assaulted by Anyanwu on or around March 19, 2016 and then terminated from her employment with the Hospital for bringing the assault to the Hospital's attention. (Employment Discrimination Compl. ("FAC."), ECF No. 143.)[1] The Hospital and, separately, the University and Anyanwu moved to dismiss Plaintiff's fifth amended complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). (Notice of Mot. to Dismiss, ECF No. 160; Notice of Mot. to Dismiss Pl.'s Fifth Am. Compl., ECF No. 164.) Plaintiff did not file any opposition to either motion.

Before this Court is Magistrate Judge Katharine H. Parker's November 20, 2019 Report and Recommendation (the "Report"), recommending that both motions be granted in part and

---

[1] Although Plaintiff is now appearing *pro se*, she was originally represented by counsel, who drafted the original complaint, as well as the first and second amended complaints. (*See* Compl., ECF No. 1; First Am. Compl., ECF No. 68; Second Am. Compl., ECF No. 97.)

denied in part.[2] (Report, ECF No. 177, at 2.) Specifically, Magistrate Judge Parker recommended that Plaintiff's claims be dismissed with prejudice, with the exception of her (1) claims of hostile work environment harassment and retaliation against the Hospital under Title VII, the New York State Human Rights Law (the "NYSHRL"), and the New York City Human Rights Law ("NYCHRL"); and (2) her claim of aiding and abetting harassment against Anyanwu under the NYSHRL and the NYCHRL. (*Id.* at 30.) Magistrate Judge Parker advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 31.) The Hospital filed timely objections. (Def. the New York and Presbyterian Hospital's Objs. to the Nov. 20, 2019 R. & R. Regarding the Hospital's Mot. to Dismiss ("Objs."), ECF No. 178.) Having reviewed Magistrate Judge Parker's Report, as well as the Hospital's objections, this Court ADOPTS the Report in full and overrules the Hospital's objections.

## I. FACTUAL BACKGROUND

Plaintiff was employed by the Hospital as an Emergency Room Patient Finance Advisor from approximately March 2, 2015 through January 27, 2017. (Affirmation of Lauri F. Rasnick, Esq. in Supp. of Def. the New York Presbyterian Hospital's Mot. to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), Ex. 1 (First Charge), ECF No. 161-1, at 1.) On August 25, 2017, with the assistance of counsel, she filed a charge of discrimination (the "First Charge") with the Equal Employment Opportunity Commission (the "EEOC"). (*Id.*) In the First Charge, Plaintiff alleged that she had been sexually harassed by two co-workers, Tarik Collins and Christopher Walker, and then "excessively disciplined [and] terminated in retaliation" for complaining to her manager, Roberto Hunt, Jr., about such harassment. (*Id.*) On or about March 23, 2018, the EEOC dismissed

---

[2] The relevant factual and procedural background is set forth in greater detail in the Report and is incorporated by reference herein.

2

Plaintiff's First Charge and issued Plaintiff a Notice of Right to Sue. (Def. the New York and Presbyterian Hospital's Mem. of Law in Supp. of Their Mot. to Dismiss, ECF No. 162, at 2.)

Subsequently, on October 22, 2018, Plaintiff commenced this action through her then-counsel. (Compl.) While still represented by counsel, Plaintiff amended her initial complaint on January 15, 2019, (First Am. Compl.), and again on February 6, 2019, (Second Am. Compl.). Then, in March 2019, Plaintiff discharged her counsel. (*See* Order Granting Mot. to Withdraw as Counsel for Pl., ECF No. 112.) Proceeding *pro se*, Plaintiff filed a third amended complaint on April 16, 2019, (Am. Employment Discrimination Compl., ECF No. 114), and, without leave of this Court, a fourth amended complaint on May 15, 2019, (Employment Discrimination Compl., ECF No. 124). Plaintiff filed a fifth amended complaint (the "FAC") on June 10, 2019, again without leave of this Court. (FAC.) Following a conference on June 17, 2019, Magistrate Judge Parker designated the FAC as the operative pleading. (*See* Order, ECF No. 146.)

The allegations in the FAC pertain to alleged sexual harassment by Anyanwu, rather than by Collins and Walker. In the FAC, Plaintiff alleges that she was discriminated against based on her race, color, religion, sex, sexual orientation, pregnancy, national origin, and disability. (FAC at 3–4.) She further alleges that Anyanwu "stalked [her], threat[e]ned and sexually harassed [her] at the workplace," raped her, and "hired private investigators to pay anything in order for him to not be prosecuted and criminally charged for raping [her]." (*Id.* at 5.) According to Plaintiff, she was "severely hazed to walk out of employment via sexual harassment and force[d] . . . into total disability." (*Id.*)

Plaintiff attached to the FAC a second Charge of Discrimination that she had filed with the EEOC on May 20, 2019 (the "Second Charge"). (FAC at 10.)[3] She asserts in the Second Charge

---

[3] As with the First Charge, the EEOC dismissed the Second Charge and issued a Notice of Right to Sue. (*Id.* at 8.)

that twelve University employees, including Anyanwu and "Robert Hunte Jr., at the Patient Access Department," sexually harassed her, harassed her about being raped, disclosed "[g]enetic information about [her] family and [her]self in front of staff and patients," and "all unlawfully to [*sic*] forced me to termination of the job." (*Id.* at 13.) She also alleges that she was "illegally terminated for complaining everyday [*sic*] and getting false write ups" and that she "believe[s] [she] was discriminated and retaliated against in violation of Title VII." (*Id.*)

## II. LEGAL STANDARDS

### A. Reports and Recommendations.

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* The court, however, need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). Rather, it is sufficient that the court "arrive at its own, independent conclusion" regarding those portions of the report to which objections are made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (citation omitted).

Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). The clear error standard also applies if a party's "objections are improper—because they are 'conclusory,' 'general,' or 'simply rehash or reiterate the original briefs to the magistrate judge.'" *Stone v. Comm'r of Soc. Sec.*, No. 17 Civ. 569 (RJS), 2018 WL 1581993, at *3 (S.D.N.Y. Mar. 27, 2018) (citation omitted). Clear error is present when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

4

### B. Rule 12(b)(6) Failure to State a Claim.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must demonstrate "more than a sheer possibility that a defendant has acted unlawfully"; stating a facially plausible claim requires the plaintiff to plead facts that enable the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The factual allegations pled must therefore "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).[4]

A district court must first review a plaintiff's complaint to identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. The court then considers whether the plaintiff's remaining well-pleaded factual allegations, assumed to be true, "plausibly give rise to an entitlement to relief." *Id.*; *see also Targum v. Citrin Cooperman & Co., LLP*, No. 12 Civ. 6909 (SAS), 2013 WL 6087400, at *3 (S.D.N.Y. Nov. 19, 2013). In deciding the 12(b)(6) motion, the court must also draw all reasonable inferences in the non-moving party's favor. *See N.J. Carpenters Health Fund v. Royal Bank of Scot. Grp., PLC*, 709 F.3d 109, 119–20 (2d Cir. 2013). This is particularly true for *pro se* plaintiffs, whose submissions are read liberally and interpreted to "raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

---

[4] "In deciding a motion to dismiss under Rule 12(b)(6), the court may refer 'to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit.'" *Fishbein v. Miranda*, 670 F. Supp. 2d 264, 271 (S.D.N.Y. 2009) (quoting *Brass v. Am. Film Tech., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993)).

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Magistrate Judge Parker correctly found that several of Plaintiff's claims under Title VII and the Americans with Disabilities Act (the "ADA") are unexhausted and time-barred. (*See* Report at 10–13.) Before filing suit in federal court, a plaintiff alleging discrimination, harassment, or retaliation in violation of Title VII or the ADA must timely file a charge with the EEOC. 42 U.S.C. § 2000e-5; 42 U.S.C. § 12117(a). As Magistrate Judge Parker correctly observed, because Plaintiff filed her First Charge with the EEOC within approximately seven months after her employment with the Hospital was terminated, the First Charge was timely filed at least with respect to some of the alleged discriminatory acts. (*Id.* at 11.) However, because Plaintiff filed her Second Charge more than two years after her termination and "well outside" the 300-day limitation period, any claims in the FAC that were not raised in the First Charge and that do not reasonably relate to any claims raised in the First Charge are unexhausted and time-barred. (*Id.* at 12.) Accordingly, aside from Plaintiff's claims under Title VII of sex/sexual orientation sex discrimination, hostile work environment sexual harassment, and retaliation, all of the other claims that she raises under Title VII and the ADA are unexhausted and time-barred and are therefore dismissed with prejudice. (*Id.* at 13.)

## IV. FAILURE TO STATE A CLAIM

Magistrate Judge Parker properly determined that the following claims should be dismissed with prejudice: (1) Plaintiff's claims of sex and sexual orientation discrimination under Title VII, the NYSHRL, and the NYCHRL; (2) her claim of pregnancy discrimination under the NYSHRL and NYCHRL, to the extent that Plaintiff is alleging any such claim; (3) her claims of race discrimination under 42 U.S.C. § 1981; (4) her claim of disability discrimination under the Rehabilitation Act; (5) her claim of interference with her rights under the Family and Medical

6

Leave Act; (6) her claim of violation of her rights under the Health Insurance Portability and Accountability Act; (7) her claim against the University of employment discrimination under Title VII, the ADA, the Rehabilitation Act, the NYSHRL, the NYCHRL, and, to the extent that she is alleging any such claim, under § 1981; (8) her claim against the University of aiding and abetting discrimination under the NYSHRL and NYCHRL; and (9) her claim against Anyanwu of discrimination under Title VII, the ADA, and the Rehabilitation Act. (*See id.* at 13–15, 19–26.) The FAC is devoid of facts that could plausibly allege any such claims. Moreover, such claims are dismissed with prejudice because Plaintiff has amended her complaint five times and is unlikely to be able to support such claims in another pleading.[5]

Magistrate Judge Parker also appropriately found that Anyanwu's motion to dismiss should be denied as to Plaintiff's claim against Anyanwu of aiding and abetting discrimination, (*see id* at 26–27), and that the Hospital's motion to dismiss should be denied as to Plaintiff's claims against the Hospital of hostile work environment sexual harassment and retaliation, (*see id.* at 15–19). Drawing all reasonable inferences in Plaintiff's favor, as is appropriate on a motion to dismiss, Plaintiff has sufficiently alleged such claims, and dismissal is unwarranted at this stage.

The Hospital objects to Magistrate Judge Parker's finding that its motion to dismiss should be denied as to Plaintiff's hostile work environment sexual harassment and retaliation claims. The Hospital argues that Magistrate Judge Parker "explicitly and mistakenly relied on factual allegations that are not actually contained in the FAC or any document attached thereto." (Objs.

---

[5] Magistrate Judge Parker also correctly recommended dismissal of Plaintiff's claims against the City of New York, given Plaintiff's failure to comply with Federal Rule of Civil Procedure 4(m) and serve the City of New York with the FAC within 90 days after its filing. (*See* Report at 27–29); *see also* Fed. R. Civ. P. 4(m). As Magistrate Judge Parker further noted, *sua sponte* dismissal is also appropriate given that Plaintiff stated "that her claims were all based on employment discrimination," (Report at 28), and there are no facts here suggesting any "possible claim of employment discrimination against the City of New York," (*id.* at 29).

7

at 1.) Specifically, it asserts that in recommending that Plaintiff's hostile work environment sexual harassment claim not be dismissed, Magistrate Judge Parker relied on the allegation that Anyanwu allegedly raped Plaintiff in March 2016 and that "Plaintiff complained to her manager about Anyanwu, but that her complaint was ignored and nothing was done to remedy the situation." (*Id.* at 7 (quoting Report at 17).) According to the Hospital, the FAC nowhere alleges that Plaintiff complained to her manager about Anyanwu or that any complaint about Anyanwu was ignored. (*Id.*) As to the retaliation claim, the Hospital similarly argues that there are no allegations in the FAC to support Magistrate Judge Parker's finding that Plaintiff "complained to her manager about hostile work environment harassment by Anyanwu, but that her manager disciplined her in retaliation for her complaint," and that "the discipline and termination decisions occurred within several months after Plaintiff complained." (*Id.* at 8 (quoting Report at 19).)

Contrary to the Hospital's assertions, the FAC, along with the "documents attached to [it] or incorporated in it by reference," *Fishbein*, 670 F. Supp. at 271 (citation omitted), sufficiently allege Plaintiff's claims of hostile work environment sexual harassment and retaliation. In the Second Charge, which is attached to the FAC, Plaintiff alleges, *inter alia*, that she was "illegally terminated for complaining everyday [*sic*] and getting false write ups"; that someone named "Robert Hunte Jr." "unlawfully to [*sic*] forced [her] to termination of the job"; and that "[b]ased on the above, [she] believe[s] [she] was discriminated and retaliated against in violation of Title VII." (FAC at 13.) Reading Plaintiff's pleading liberally and interpreting it to "raise the strongest arguments that [it] suggest[s]," *Triestman*, 470 F.3d at 474, this Court presumes that the "Robert Hunte Jr." who allegedly harassed Plaintiff for being raped and "forced [Plaintiff] to termination" refers to the "Roberto Hunt Jr." whom Plaintiff identified in her First Charge as her manager. Accordingly, construing the FAC liberally and accepting the facts pleaded as true,

Plaintiff has adequately alleged at this stage in this action that she complained to her manager about Anyanwu, but that her manager did nothing to remedy the situation, and instead disciplined and terminated her employment in retaliation for her complaints.

## V. CONCLUSION

The Hospital's objections are OVERRULED, and Magistrate Judge Parker's Report is ADOPTED. The Hospital's and Anyanwu's motions to dismiss, (ECF Nos. 160, 164) are DENIED as to Plaintiff's claims against Anyanwu of aiding and abetting discrimination, and against the Hospital of hostile work environment sexual harassment and retaliation. Their motions are GRANTED as to all other claims against them. The University's motion to dismiss all claims against it, (ECF No. 164), is GRANTED. The Clerk of Court is directed to close the motions accordingly, and to mail a copy of this memorandum decision and order to Plaintiff.

Dated: New York, New York
       March 10, 2020

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge