UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------ x

NEREIDA MORALES

                    Plaintiff,

      -against-

NEW YORK PRESBYTERIAN HOSPITAL and
CHIEDOZIE ANYANWU,

                Defendants.

------------------------------------------ x

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

MEMORANDUM DECISION
AND ORDER

18 Civ. 9711 (GBD) (KHP)

GEORGE B. DANIELS, United States District Judge:

*Pro se* Plaintiff Nereida Morales brought this action on October 22, 2018 against Defendants New York Presbyterian Hospital ("New York Presbyterian") and Chiedozie Anyanwu, asserting sexual harassment, retaliation, and discrimination on the basis of her ethnicity, race, religion, and sexual orientation. Defendants moved to dismiss the case for lack of prosecution on February 26, 2021, asserting that Plaintiff has repeatedly refused to cooperate in discovery or meaningfully participate in litigation. (Defs.' Joint Mot. to Dismiss, ECF No. 233.)

Before this Court is Magistrate Judge Katharine H. Parker's April 2, 2021 Report and Recommendation ("Report"), recommending that this Court dismiss Plaintiff's complaint for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (Report, ECF No. 239, at 1.) Magistrate Judge Parker advised Plaintiff that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 5.) No objections have been filed. Having reviewed Magistrate Judge Parker's Report for clear error and finding none, this Court adopts the Report in full.

## I.    FACTUAL BACKGROUND

Plaintiff filed the initial complaint, which has been twice amended by her former counsel and then amended three more times without permission of the court while Plaintiff was proceeding *pro se*.[1]   The Fifth Amended Complaint, the operative complaint, was filed on June 10, 2019 without the court's permission.[2]   (Fifth Am. Compl., ECF No. 143.)   Plaintiff asserts she was sexually assaulted by a co-worker in her home on or about August 14, 2016 and terminated from her employment at New York Presbyterian on or about January 27, 2017 as a result of bringing the assault to the attention of hospital management.   (Compl., ECF No. 1.)

Plaintiff did not appear for the first scheduled status conference on June 17, 2019, which was then rescheduled for July 8, 2019.   (Order dated June 17, 2019 ("June 17, 2019 Order"), ECF No. 146, at 1.)   On February 4, 2020, Magistrate Judge Parker ordered Plaintiff to write a letter to Defendants' counsel providing the names and addresses of her doctors and therapists so that Defendants could prepare appropriate HIPAA medical releases by no later than February 18, 2020. (Order dated Feb. 4, 2020 ("Feb. 4, 2020 Order"), ECF No. 190, at 1.)   Plaintiff did not to comply with the Order.   Magistrate Judge Parker ordered a second time for Plaintiff to provide this information, informing her that not complying with court orders might result in sanctions, including dismissal of her case.   (Order dated Feb. 26, 2020 ("Feb. 26, 2020 Order"), ECF No. 194, at 1.)

---

[1] Plaintiff's former counsel filed the initial complaint, the first amended complaint, and the second amended complaint on behalf of Plaintiff. (Compl., ECF No. 1; First Am. Compl., ECF No. 68; Second Am. Compl., ECF No. 97.) On March 4, 2019, Magistrate Judge Parker granted Plaintiff's counsel's request to withdraw. (First Mot. To Withdraw, ECF No. 109; Order dated Mar. 14, 2019, ECF No. 112, at 1.) Plaintiff proceeded *pro se*.

[2] On June 8, 2021, Plaintiff filed a Sixth Amended Complaint without permission from the court. (Sixth Am. Compl., ECF No. 243.) This Complaint does not alter the outcome of this decision.

On September 9, 2020, Plaintiff did not attend a telephonic conference, providing no excuse for her absence.  Magistrate Judge Parker scheduled another conference for November 5, 2020 and cautioned Plaintiff that future failures to attend conferences or participate in discovery would result in dismissal of her claims.  (Order dated Sept. 9, 2020 ("Sept. 9, 2020 Order"), ECF No. 214, at 1.)  Plaintiff attended the November conference, where Defendants' counsel informed Magistrate Judge Parker that Plaintiff had not complied with the February 4, 2020 Order requiring her to provide Defendants with the information for discovery.  (Hr'g Tr. dated Nov. 9, 2020, ECF No. 222, at 11.)  Magistrate Judge Parker issued a second order directing Plaintiff to respond to Defendants' discovery requests and sit for a deposition, informing her that compliance was necessary in order for her case to proceed.  (Order dated Nov. 5, 2020, ECF No. 220, at 1.)

By letter dated December 10, 2020, Defendants' counsel informed Magistrate Judge Parker of Plaintiff's refusal to cooperate in scheduling her deposition and produce the documents outlined in the February 4, 2020 Order.  (Joint Letter Mot., ECF No. 224, at 1.)  Another case management conference was scheduled to discuss these items, but Plaintiff again did not appear.  (Order dated Dec. 14, 2020, ECF No. 225, at 1; Order dated Jan. 14, 2020, ECF No. 227, at 1; *See* Hr'g Tr. dated Feb. 8, 2021, ECF No. 230, at 4.)  Defendants requested to move for dismissal of the case for failure to prosecute.  Magistrate Judge Parker granted this request due to the Plaintiff's failure to comply with court orders and participate in discovery.  (Order dated Feb. 1, 2021 ("Feb. 1, 2021 Order"), ECF No. 229.)  The February 1, 2021 Order provided Plaintiff with an opportunity to respond to Defendants' Motion to Dismiss by March 26, 2021.  (*Id.*)

On February 26, 2021, Defendants filed their Joint Motion to Dismiss for failure to prosecute.  (Defs.' Joint Mot. To Dismiss, ECF No. 233.)  Magistrate Judge Parker issued an order reminding

Plaintiff about the response deadline and noted that Plaintiff's response should explain why Plaintiff has not participated in discovery and why her claims should not be dismissed. (Order dated Mar. 2, 2021, ECF No. 238, at 1.) Plaintiff did not file any opposition to Defendants' Joint Motion to Dismiss for failure to prosecute.

## II.   LEGAL STANDARD

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). A magistrate judge's report to which no objections are made is reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). Clear error is present only when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

## III.   PLAINTIFF'S CLAIMS ARE DISMISSED FOR FAILURE TO PROSECUTE

Magistrate Judge Parker appropriately found that dismissal of this action is warranted in view of Plaintiff's failure to prosecute her claims. Rule 41(b) authorizes a district court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with ... a court order." Fed. R. Civ. P. 41(b). "The primary rationale underlying a dismissal under [Rule] 41(b) is the failure of [a] plaintiff in his duty to process his case diligently." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982).

District courts consider five factors when deciding whether to dismiss an action under Rule 41(b):

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

4

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam) (citation and internal quotation marks omitted). Here, three of the five factors support dismissal.[3] (*See* Report at 2–4.)

First, Plaintiff failed to appear at three case management conferences without notifying Magistrate Judge Parker or Defendants that she would be unable to attend. (*Id.*) Moreover, on February 4, 2020, Magistrate Judge Parker issued an order for Plaintiff to write a letter to Defendants' counsel providing the names and addresses of her doctors and therapists so that Defendants could prepare appropriate HIPAA medical releases. (Feb. 4, 2020 Order, ECF No. 190, at 1.) Plaintiff failed to comply with this Order, despite Magistrate Judge Parker again issuing another order for Plaintiff to provide this information. (Feb. 26, 2020 Order, ECF No. 194, at 1.)

Second, Plaintiff received adequate notice about the possibility of dismissal for failure to prosecute. *See, e.g., Graham v. Take-Two Interactive Software, Inc.*, No. 19 Civ. 2183 GBD-SDA, 2020 WL 3412939, at \*2 (S.D.N.Y. June 22, 2020). After Plaintiff failed to provide discovery information per the February 4, 2020 Order, Magistrate Judge Parker warned Plaintiff that failure to comply with court orders might result in sanctions, including dismissal of her case. (Feb. 26, 2020 Order, ECF No. 194, at 1.) Additionally, on September 9, 2020, after Plaintiff failed to attend the conference scheduled for that day, Magistrate Judge Parker cautioned Plaintiff that failure to attend conferences or continuing to obstruct discovery could lead to this action being dismissed. (Sept. 9, 2020 Order, ECF No. 214, at 1.) *See, e.g., Moton v. Williams*, No. 15 Civ. 6485 GBD-JLC, 2018 WL 3384433, at \*1 (S.D.N.Y. July 11, 2018).

Third, Plaintiff has had a "fair chance to be heard" and relinquished this right by failing to diligently prosecute this action or to provide any explanation for her delay. *Baptiste v. Sommers*,

---

[3] Additionally, none of the five factors support continuing this action.

768 F.3d 212, 216 (2d Cir. 2014) (per curiam).  Plaintiff has had no contact with this Court or with Magistrate Judge Parker since November 5, 2020, except to file a Sixth Amended Complaint without leave on June 8, 2021, forty-four days after Plaintiff's deadline to file an opposition to Defendants' Motion to Dismiss.  (*See* Report at 3; Sixth Am. Compl., ECF No. 243; Order dated Mar. 2, 2021, ECF No. 238, at 1.)  Plaintiff has still yet to file any objection to Magistrate Judge Parker's Report.

In sum, Plaintiff has filed amended complaints without the court's permission, missed multiple court dates, and failed to comply with court orders to cooperate in discovery.  (*See* Fifth Am. Compl., ECF No. 143; June 17, 2019 Order, ECF No. 146, at 1; Feb. 4, 2020 Order, ECF No. 190, at 1; Order dated Jan. 14, 2021, ECF No.  227, at 1; Hr'g Tr., Feb. 1, 2021, ECF No. 230, at 4.)  Plaintiff has been warned on multiple occasions that failure to comply with court orders would result in a recommendation of dismissal for failure to prosecute.  (*See* June 17, 2019 Order, ECF No. 146, at 1; Order dated Jan. 10, 2020, ECF No. 181, at 1; Feb. 26, 2020 Order, ECF No. 194, at 1; Order dated Mar. 9, 2020, ECF No. 199, at 1; Order dated Mar. 16, 2020, ECF No. 203 at 1; Sept. 9, 2020 Order, ECF No. 214 at 1; Order dated Nov. 5, 2020, ECF No. 220, at 1.)  Plaintiff has also been given multiple opportunities to be heard and has provided no explanation or excuse for her repeated failure to comply with court orders.  Therefore, there is no clear error on the face of the record. The Report correctly found that dismissal for failure to prosecute is appropriate.

## IV.    CONCLUSION

Magistrate Judge Parker's Report is ADOPTED.   Plaintiff's complaint is DISMISSED.

The Clerk of Court is directed to close this case accordingly.


Dated: New York, New York
         July 20, 2021

SO ORDERED.

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge